**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BARRY P. EMMETT, #1383329,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:10-CV-0320-D** |
| | § | |
| **KAREN MITCHELL, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is a *pro se* petition for writ of mandamus brought by a state inmate.

Parties:  Plaintiff is confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Ellis Unit in Huntsville, Texas. Defendants are District Court Clerk Karen Mitchell, Fifth Circuit Court of Appeals Clerk Charles A. Fulbruge, and District Judge Reed O'Connor. The court did not issue process in this case, pending preliminary screening.

Findings and Conclusions:  On February 19, 2010, the court issued a notice of deficiency and order to Plaintiff, directing him to submit a certified statement of the balance in his inmate trust account from the TDCJ Unit where he was confined. The order directed Plaintiff to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. As of the

date of this recommendation, Plaintiff has failed to comply with the deficiency order.[1]

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Plaintiff has been given ample opportunity to comply with the deficiency order, but he has refused or declined to do so, this action should be dismissed without prejudice for lack of prosecution. *See Larson*, 157 F.3d at 1032 (affirming district court's dismissal for want of prosecution after inmate failed to comply with *sua sponte* order to provide financial information for assessment of PLRA filing fee); *see also Morrow v. Collins*, 111 F.3d 374 (5th Cir. 1997) (per curiam) (taking judicial notice that an inmate confined in a Texas state prison can get a statement of inmate trust account from the prison law library and dismissing the appeal for want of prosecution, even though the prisoner claimed that he could not get the statement due to

---

[1]     A certified statement of the balance in Plaintiff's inmate trust account, in compliance with the Prison Litigation Reform Act of 1995 (PLRA), is necessary to assess the correct filing fee in this case. *See* 28 U.S.C. § 1915(a)(2). Since Plaintiff's petition for writ of mandamus does not stem from state or federal habeas proceedings, it is subject to the Prison Litigation Reform Act (PLRA). *Cf. In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of application for post-conviction relief was not subject to PLRA fee payment requirements).

hostility on the part of prison officials).[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and that Plaintiff's motions for leave to proceed *in forma pauperis* and for leave to file a petition for writ of mandamus be DENIED as moot.

Signed this 1st day of April, 2010.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

---

[2]     An involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits," unless otherwise specified.  *See* Fed. R. Civ. 41(b); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

It does not appear that the higher standard for dismissal with prejudice for want of prosecution would be applicable to the petition for writ of mandamus, which appears to seek only prospective relief.

error.